UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARONN RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV272 JCH |
| | ) | |
| RESURGENT CAPITAL SERVICES, L.P., | ) | |
| and LVNV FUNDING, LLC, | | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim upon which Relief can be Granted, filed March 27, 2015. (ECF No. 18). The motion is fully briefed and ready for disposition.

**BACKGROUND[1]**

On or about July 27, 2014, First National Collection of Nevada, Inc. d/b/a First National Collection Bureau, Inc. ("FNCB") sent Plaintiff a letter[2] regarding an alleged debt arising from a personal credit card issued by Citibank through Sears. (First Amended Complaint ("Compl."), ¶¶ 5, 14, 17).[3] The letter stated a "Total Due" of $2,724.03, but gave no indication that the amount due could vary from day to day due to the imposition of interest, late charges, and other charges.

---

[1] The Court's background section is taken primarily from Plaintiff's First Amended Complaint, to which Defendants have not yet filed an answer.
[2] Neither party has submitted a copy of the July 27 letter to the Court.
[3] According to Plaintiff, FNCB sent Plaintiff the letter on behalf of, and at the express direction of, Defendants Resurgent Capital Services, L.P. ("Resurgent"), and/or LVNV Funding, LLC ("LVNV"). (Compl., ¶¶ 6, 7, 17). Plaintiff maintains LVNV owns, controls, employs, or operates Resurgent, which acts as one of LVNV's captive debt collection companies, and LVNV and Resurgent jointly own, control, or operate FNCB, another debt collection company. (*Id.*, ¶¶ 10-11, 14-15).

(*Id.*, ¶¶ 19-21). The letter did inform Plaintiff that he had thirty days from receipt to dispute the amount or validity of the debt. (*Id.*, ¶ 22).

On August 5, 2014, Plaintiff sent FNCB a letter disputing the validity of the debt.[4] (Compl., ¶ 24). Plaintiff explained that he had never opened a credit card through Sears, that the debt should not be credit-reported in light of its age, and that the alleged debt was associated with him due to identity theft. (*Id.*, ¶ 25). Plaintiff thus maintains he properly invoked his dispute and verification rights under 15 U.S.C. § 1692g. (*Id.*, ¶ 26).

According to Plaintiff, FNCB did not provide verification of the debt to Plaintiff, but instead transmitted the written dispute to Defendants Resurgent and/or LVNV. (Compl., ¶¶ 27-28). Defendants then sent Plaintiff a letter dated August 13, 2014, showing a balance of $2,733.16, and stating as follows:

> Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry we recently received.
>
> Should you desire to pay on this account, please contact us at the toll free number as noted above.
>
> If we can be of further assistance, please contact one of our Customer Service Representatives….

(Defendants' Motion to Dismiss, Exh. A, ECF No. 19-1). The letter further provided Plaintiff information regarding his legal rights, as follows:

> Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*).

---

[4] Again, neither party has supplied a copy of Plaintiff's August 5 letter.

Shortly after receiving the August 13 letter Plaintiff called Resurgent, in order to inquire as to why he was still receiving collection letters when he already had sent in a written dispute, and to determine why the alleged amount due had increased. (Compl., ¶ 43). During the call a representative from Resurgent admitted that the company had received Plaintiff's August 5 written dispute letter, and further acknowledged that it had not yet mailed Plaintiff verification information. (*Id.*, ¶¶ 45-46). The representative stated that the company was not obligated to cease collecting the debt at that time, as Plaintiff had not sent in a police report or "I.D. Theft Affidavit" proving that his identity was stolen. (*Id.*, ¶ 47). According to Plaintiff, the representative further admitted that Plaintiff's account was accruing interest, and that he currently owed more than the amount indicated in the August 13 letter. (*Id.*, ¶ 58).

Plaintiff maintains the above described collection attempts caused him to incur actual damages, including anxiety, frustration, and worry. (Compl., ¶ 76).

On or about December 23, 2014, Plaintiff filed his original Petition in the Circuit Court of St. Louis County, Missouri. (ECF No. 1-1, PP. 9-16).[5] Plaintiff's First Amended Complaint, filed March 13, 2015, purports to be "an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices." (Compl., ¶ 1). Specifically, Plaintiff maintains Defendants have violated the FDCPA by:

    a. Overshadowing Plaintiff's right to dispute and request verification of the alleged debt, in violation of 15 U.S.C. § 1692g(b);
    b. Failing to state the accurate amount of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692g(a);
    c. Falsely representing the amount and character of Plaintiff's alleged debt, in violation

---

[5] Defendants removed Plaintiff's Petition to this Court on February 11, 2015, on the basis of federal question jurisdiction. (ECF No. 1).

of 15 U.S.C. § 1692e(2)(a);
   d. Employing unfair, harassing, and misleading means to collect a debt, including unfairly trying to shift the burden of verifying the debt onto Plaintiff, in violation of 15 U.S.C. § 1692d-f;
   e. Engaging in deceptive, harassing, and unfair conduct in the collection of a debt, including concealing the fact that interest was accruing on Plaintiff's debts, while also continually driving up the amounts Plaintiff owed, in violation of 15 U.S.C. § 1692d[6];
   f. Attempting to collect an amount not expressly authorized by the agreement creating the debt and not permitted by law, in violation of 15 U.S.C. § 1692f; and
   g. Communicating further with Plaintiff with respect to the alleged debt for which Defendants had already received written notification that Plaintiff refused to pay, in violation of 15 U.S.C. § 1692c(c) and 15 U.S.C. § 1692g(b).

(*Id.*, ¶ 78). As stated above, Defendants filed the instant Motion to Dismiss on March 27, 2015, asserting Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. (ECF No. 18).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a

---

[6] Plaintiff did not respond to Defendants' Motion to Dismiss with respect to Count I (d) and (e), and the Court finds his bare allegations that Defendants employed unfair, harassing, and misleading means to collect a debt, and engaged in deceptive, harassing, and unfair conduct in the collection of a debt, are insufficient to survive the motion.

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

"The FDCPA was designed to protect consumers from the 'abusive, deceptive and unfair debt collection practices' of debt collectors." *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F.Supp.2d 1015, 1018 (E.D. Mo. 2007), citing 15 U.S.C. § 1692 *et seq.* "In order to establish a violation of the FDCPA, a plaintiff must demonstrate that 1) plaintiff has been the object of collection activity arising from a consumer debt; 2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *O'Connor v. Credit Protection Ass'n LP*, 2013 WL 5340927, at *6 (E.D. Mo. Sep. 23, 2013) (citations omitted); *see also McHugh v. Valarity, LLC*, 2014 WL 6772469, at *2 (E.D. Mo. Dec. 1, 2014).[7]

Alleged violations of the FDCPA are "reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (internal quotations and citations omitted). This standard is intended to "protect[] the uninformed or naïve consumer," while maintaining "an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317-18 (citation omitted).

**I.      15 U.S.C. Section 1692g(b)**

---

[7] For purposes of this motion it is undisputed that Plaintiff is a consumer, and that Defendants are debt collectors.

In Count I(a) of his First Amended Complaint, Plaintiff claims Defendants overshadowed his right to dispute and request verification of the alleged debt, in violation of 15 U.S.C. § 1692g(b). (Compl., ¶ 78(a)). Section 1692g(a) requires a debt collector to send, within five days of the initial communication with a consumer, a validation notice informing the consumer of, *inter alia*, his right to dispute the debt, and to request verification of the debt and/or the name and address of the original creditor, within 30 days of receipt of the validation notice. Section 1692g(b) provides in relevant part as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector….Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

"Overshadowing or inconsistency occurs when a debt-collection letter conveys information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Founie v. Midland Credit Management, Inc.*, 2014 WL 6607197, at *3 (E.D. Mo. Nov. 19, 2014) (internal quotations and citation omitted).

In the instant case, Plaintiff asserts Defendants overshadowed FNCB's original validation notice on two occasions: first, within their August 13 letter, and second, during the subsequent phone call between Plaintiff and a customer service representative from Defendants. The Court will consider each in turn.

### A. Defendants' August 13, 2014 Letter

As noted above, Defendants sent Plaintiff a letter dated August 13, 2014, showing a balance of $2,733.16. After acknowledging that it had initiated a review of the inquiry it

recently received, Resurgent stated as follows: "Should you desire to pay on this account, please contact us at the toll free number as noted above." The letter continued to provide Plaintiff information regarding his legal rights, including his right to dispute the validity of the debt and request verification. Plaintiff claims this language violated section 1692g, as it implicitly required Plaintiff to re-send his written dispute in order to invoke his rights under section 1692g as to Resurgent, when he had already done so as to FNCB.

"Courts are split on whether § 1692g applies to initial communications from each successive debt collector." *Tocco v. Real Time Resolutions, Inc.*, 48 F.Supp.3d 535, 538-39 (S.D. N.Y. 2014) (internal quotations omitted) (collecting cases on both sides). The FDCPA is remedial in nature, however, and so the Court reads the text broadly to effect its consumer-protective purpose. *Id.* at 539. Therefore, without holding that Defendants were required under section 1692g(a) to include a validation notice in their August 13 letter, the Court finds they did not overshadow Plaintiff's rights by including one. The Court thus turns to consideration of whether Defendants' reference to a payment procedure overshadowed Plaintiff's statutory dispute rights.

Upon consideration the Court finds Defendants' letter did not overshadow Plaintiff's statutory dispute rights, as it "does not demand any action (including payment) from [him] within the 30-day window, nor does the letter request immediate contact or threaten [him] with negative consequences if [he] fails to take action before the close of the 30-day window." *Founie*, 2014 WL 6607197, at *4. Instead, the letter explicitly references Defendants' ongoing review of Plaintiff's previously lodged inquiry, and then merely offers a means to initiate payment should Plaintiff so choose. The voluntary nature of Defendants' overture distinguishes this case from those in which a demand for payment was found to overshadow an otherwise

proper validation notice. *See Perry v. Trident Asset Management, L.L.C.*, 2015 WL 417588, at *6, 7 (E.D. Mo. Feb. 2, 2015) ("Significantly, however, each of those cases [in which overshadowing was found] involved either a demand for 'immediate' payment or a demand for payment by a specific deadline that fell within the 30-day dispute period specified in the validation notice….In contrast, courts have found no overshadowing where the debt collector requests payment but does not indicate that payment must be made before the expiration of the 30-day dispute window described in the validation notice."). This portion of Defendants' Motion to Dismiss will therefore be granted.

### B. Phone call Between Plaintiff And Defendants' Customer Service Representative

As noted above, shortly after receiving the August 13 letter Plaintiff called Resurgent, in order to inquire as to why he was still receiving collection letters when he already had sent in a written dispute, and to determine why the alleged amount due had increased. Plaintiff claims the statements made by Defendants' customer service representative during the call overshadowed his statutory dispute rights. Defendants dispute this assertion, and attach a tape recording of the conversation as an exhibit in support of their Motion to Dismiss.

Upon consideration the Court will deny this portion of Defendants' Motion to Dismiss, for two reasons. First, "[w]hen considering a motion regarding the sufficiency of the pleadings, such as this one, 'the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'" *Almoghrabi v. GoJet Airlines, LLC*, 2015 WL 1061118, at *3 (E.D. Mo. Mar. 11, 2015), quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002). Materials "necessarily embraced by the pleadings" include those that "are incorporated by reference, are integral to the claim, or are exhibits whose

authenticity is unquestioned." *Reitz v. Nationstar Mortg., LLC*, 954 F.Supp.2d 870, 876 (E.D. Mo. 2013), citing *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Here, it is unclear whether the provided tape recording is necessarily embraced by the pleadings, as Plaintiff may question its authenticity.[8] The Court thus questions whether it may consider the recording without converting this motion to one for summary judgment.

Second, assuming without deciding that it may consider the tape, the Court finds Plaintiff's allegations suffice to demonstrate that the representative's statements may have been confusing to an unsophisticated consumer. Specifically, the Court's review of the record reveals that the representative from Resurgent admitted Defendants had received Plaintiff's August 5 written dispute letter, but then continued to state the matter remained in collections. Under these circumstances, at the very least an issue of fact remains as to whether the debt collector failed to cease collection of the debt until it obtained verification of the debt and forwarded a copy of such to Plaintiff. *See* 15 U.S.C. § 1692g(b). Defendants' representation that the matter remained in collections further may improperly have overshadowed and been inconsistent with the original validation notice from FNCB, and so this portion of Defendants' Motion to Dismiss must be denied. *See McCafferty v. Schwartzkopf Law Office*, 2011 WL 4916382, at *3 (E.D. Mo. Oct. 17, 2011) ("An unsophisticated consumer receiving [Defendants' representations] would be confused as to his or her rights.").

## II.     15 U.S.C. Sections 1692g(a) And 1692e(2)(a)

As relevant here, Plaintiff makes the following allegations in his First Amended Complaint:

---

[8] While Plaintiff does not explicitly question the tape recording's authenticity in his response, he does allege in his Complaint that Defendants' representative made certain statements during the phone call that do not appear on the recording. For example, the Court's review of the recording reveals Defendants' representative never admitted that Plaintiff's account was accruing interest, nor did he state that Plaintiff currently owed more than the amount indicated in the August 13 letter.

(1) that FNCB's July 27 letter stated a "Total Due" of $2,724.03; (2) that the letter contained no indication that due to interest, late charges, and/or other charges the amount due on the day Plaintiff received the letter may be greater than the amount shown[9]; (3) that Resurgent's August 13 letter showed a "Balance" of $2,733.16; and (4) that it was Defendants, and not the original creditor or any other entity, who were assessing and attempting to collect interest on the debt. (Compl., ¶¶ 19-21, 55-63). Plaintiff alleges that with these actions, Defendants failed to state the accurate amount of his alleged debt, in violation of 15 U.S.C. § 1692g(a) (Count I(b)), and falsely represented the amount and character of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(a) (Count I(c)). (*Id.*, ¶ 78(b), (c)). In light of their similarity, the Court will address these claims together.

An omission of the fact that a balance listed in a collection letter was subject to increase due to the accrual of interest has been held to violate § 1692g(a)(1). *Wideman v. Kramer & Frank, P.C.*, 2015 WL 1623814, at *2 (E.D. Mo. Apr. 10, 2015) (citations omitted). "It has also been held *not* to violate § 1692g(a)(1) if the letter states the total amount of the debt as of the date the notice is sent…even though the consumer is not informed that additional interest will accrue." *Id.* (internal quotations and citations omitted). In denying the defendants' motion to dismiss, the *Wideman* court continued as follows:

> Here, the issue is not simply whether the letter violated the FDCPA because it failed to state interest was accruing. Instead, plaintiff has alleged that the letter failed to state the correct amount of the debt because the balance stated in the letter had changed by the time plaintiff received the letter and defendants had failed to provide any information that the amount would, in fact, increase due to interest. In other words, plaintiff alleges that defendants have not complied with the FDCPA mandate that debt collectors accurately represent the amount and character of a debt they are attempting to collect. Specifically, under § 1692e(2)(A), a debt collector may not falsely represent 'the character, amount, or

---

[9] As noted above, neither party submitted the July 27 letter to the Court. For purposes of this motion, the Court accepts that the collection letter did not state the total due was subject to increase due to the accrual of interest or other fees.

legal status of any debt,' or, under § 1692g(a)(1), fail to provide the consumer notice of the amount of the debt….This Court finds that plaintiff's allegations are sufficient to state a claim that is plausible on its face for a violation of § 1692e(2)(A) and § 1692g(a)(1) of the FDCPA.

*Id.* at *2-3.

Upon consideration, this Court agrees with the reasoning of the *Wideman* court, and will adopt it here. This portion of Defendants' Motion to Dismiss will therefore be denied.

### III.  15 U.S.C. Section 1692f

In Count I(f) of his First Amended Complaint, Plaintiff alleges Defendants attempted to collect an amount not expressly authorized by the agreement creating the debt and not permitted by law, in violation of 15 U.S.C. § 1692f. (Compl., ¶ 78(f)). Specifically, Plaintiff alleges Defendants were not permitted to collect contractual interest on the subject debt, because the original creditor had already charged off the alleged debt and waived its right to collect contractual interest at the time Defendants sent their collection letter. (*Id.*, ¶¶ 65-67). Plaintiff further alleges Defendants were not authorized personally to assess interest at the statutory rate, because the debt was time-barred, or alternatively, if Defendants were allowed to collect statutory interest, they failed to assess said interest at the rate fixed by statute. (*Id.*, ¶¶ 69-72).

Upon consideration, the Court finds Plaintiff's allegations are sufficiently detailed to survive Defendants' Motion to Dismiss. In other words, Plaintiff's First Amended Complaint contains "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and the Court finds Defendants' arguments in favor of dismissal are more properly addressed in the context of a motion for summary judgment. This portion of Defendants' motion will therefore be denied.

### IV.  15 U.S.C. Section 1692c(c)

In Count I(g) of his Complaint, Plaintiff asserts Defendants communicated further with him

regarding the alleged debt when they already had received written notification that Plaintiff refused to pay, in violation of 15 U.S.C. § 1692c(c). (Compl., ¶ 78(g)). 15 U.S.C. § 1692c(c) provides as follows:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

In their Motion to Dismiss, Defendants first assert Plaintiff's claim fails because in his August 5 letter he stated neither that he refused to pay the debt, nor that he wished Defendants to cease communicating with him. Plaintiff counters that although he did not specifically state he refused to pay, his unequivocal denial that he owed any portion of the alleged debt presents at least a fact question as to whether he sufficiently provided notice of such refusal. Upon consideration the Court agrees a fact question remains, especially in light of the fact that, as noted above, neither Plaintiff nor Defendants provided a copy of the letter at issue for the record.

Defendants next maintain Plaintiff never notified them of his refusal to pay, as his August 5 letter was directed to FNCB, a non-party. In light of Plaintiff's allegations regarding the existence of an agency relationship between FNCB and Defendants, the Court finds a fact question remains as to this contention as well.

Defendants finally assert their communication did not violate § 1692c(c), as it fit either within the second exception, by notifying Plaintiff Defendants may invoke specified remedies ordinarily invoked by Defendants, or the third exception, by notifying Plaintiff Defendants intended to invoke a specified remedy. Defendants cite to *Lewis v. ACB Business Services, Inc.*

in support of their assertion, stating the language of their letter constituted a settlement offer of the type Defendants normally invoke. *See Id.*, 135 F.3d 389, 399 (6th Cir. 1998).

Upon consideration, the Court does not agree. Instead, the Court finds persuasive the reasoning of the court in *Montgomery v. Shermeta, Adams & Von Allmen, P.C.*, 885 F.Supp.2d 849, 856 (W.D. Mich. 2012), as follows:

> The [defendant] Law Firm has not established on this record that the May 2011 Letter falls within the (c)(2) exception. Unlike the letter in *Lewis*, no payment options are provided. In other words, there are no "specified remedies" identified in the letter. Instead, [plaintiff] Montgomery is invited to call the Law Firm to discuss those options. Of course the Law Firm would like Montgomery to call it, because Montgomery has already asked the Law Firm not to communicate with him. Further, this letter contains no notification that the Law Firm may invoke specified remedies.

This portion of Defendants' Motion to Dismiss will therefore be denied.

### V.     15 U.S.C. Section 1692g(b)

Plaintiff finally alleges Defendants' continued collection activities after receiving Plaintiff's written dispute violated 15 U.S.C. § 1692g(b). (Compl., ¶¶ 30-52). Section 1692g(b) provides in relevant part as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

As noted above, Defendants admitted in their August 13 letter that the verification process was not complete. (*See* Defendants' Exh. A (emphasis added) ("Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and *has initiated a review of the inquiry we recently received.*")). Defendants nevertheless seemingly continued their collection efforts despite this admission, however, as acknowledged by their representative during the

August, 2014 phone call.  Once again, the Court finds that under these circumstances, at the very least an issue of fact remains as to whether the debt collector failed to cease collection of the debt until it obtained verification of the debt and forwarded a copy of such to Plaintiff, *see* 15 U.S.C. § 1692g(b), and so this portion of Defendants' Motion to Dismiss must be denied. *See Spencer v. Hendersen-Webb, Inc.*, 81 F.Supp.2d 582, 593 (D. Md. 1999) ("Because [Defendants'] letter constitutes an effort to collect the debt and Defendants failed to mail a verification to [Plaintiff], they violated the FDCPA.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim upon which Relief can be Granted (ECF No. 18) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.


Dated this 29th Day of May, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE